# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-270V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| JAMES KERRIGAN, *and* ROSANNA LEPORE, *Natural Parents of* A.K., *a minor*, | Special Master Corcoran |
| Petitioners, | Filed: November 7, 2016 |
| v. | Attorney's Fees and Costs; Dismissal of Petition. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioners.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### **DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]**

On February 26, 2016, James Kerrigan and Rosanna LePore filed a petition on behalf of their minor child, A.K., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the measles, mumps, and rubella ("MMR") vaccine that A.K. received on March 18, 2013, caused her to develop gastrointestinal problems, including celiac disease/immune system disorder, as well as a regressive expressive language disorder. *See* Petition ("Pet.") at 1. The Petition also alleged that A.K. possessed some kind of underlying metabolic disorder. *Id.* at 3.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing some documents relevant to the claim, Respondent filed her Rule 4(c) Report on August 23, 2016, maintaining that the claim could not be substantiated. ECF No. 12. I subsequently held a status conference where I echoed Respondent's concerns about the claim's overall viability, in light of the record as well as the lack of success for similar claims alleging developmental regression or autism as a vaccine injury, and directed Petitioners to consider dismissal. *See* Order, dated September 16, 2016 (ECF 15). Petitioners thereafter filed an unopposed motion on September 27, 2016, requesting a decision dismissing their claim, and I granted it that same day (ECF No. 17).

On October 7, 2016, Petitioners filed a Motion requesting an award of attorney's fees, which they subsequently amended on October 25, 2016 (ECF No. 24) ("Fees App.").[3] Petitioners request attorney's fees in the amount of $23,870.00, plus related litigation costs in the amount of $53.25, for a total amount of $23,923.25. Ex. A to Fees App (filed as ECF No. 24-1) at 8, and Ex. B to Fees App. (filed as ECF No. 24-2) at 1. In accordance with General Order No. 9, Petitioners' counsel also represented that Petitioners incurred $400.00 in out-of-pocket expenses (specifically the filing fee). *See* Ex. C to Fees App. (filed as ECF No. 24-3).

On October 24, 2016, Respondent filed a brief in reaction to Petitioners' Motion. ECF No. 22 ("Opp."). Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs," and therefore declined to comment on any specific elements of Petitioners' fees. Opp. at 1. Respondent noted that, although the claim was dismissed, she did not object to the request's reasonable basis, largely because the status conference order issued prior to dismissal set forth my view that reasonable basis existed up to that point. *Id.* at 2 n.1.

However, Respondent also maintained that a reasonable amount for fees and costs in the present case would fall between $2,000.00 and $5,000.00, providing some substantiation for the range. Opp. at 3. In particular, she referenced cases in which the alleged injury was autism, and where the sum awarded for fees was within the proposed range. *See, e.g., Miller v. Sec'y of Health & Human Servs.,* No. 02-235V, 2016 WL 3746160 (Fed. Cl. Spec. Mstr. June 3, 2016) (awarding less than ten percent of over $63,000 in fees requested from autism claim that was unsuccessfully litigated; evidence demonstrated counsel was on notice of claim's weakness before trial), *mot. for review den'd*, (Fed. Cl. July 8, 2016). Three of the four cited cases were instances in which Respondent and petitioners stipulated to damages. Opp. at 3 (citations omitted).

Petitioners filed a reply on October 25, 2016 (ECF No. 23) ("Reply"), arguing that the primary injury alleged was not autism but gastrointestinal issues following an MMR vaccine, and explaining that A.K. had an MTHFR deficiency that (in combination with a "leaky gut"

---

[3] The only difference between the two versions of the Fees Application is that the amended version seeks $1,260.00 in additional attorney's fees, reflecting costs incurred in filing a reply to Respondent's Opposition.

2

exacerbated by the MMR vaccine) made this a reasonable claim to pursue. Reply at 1-2. They otherwise stressed that the time devoted to the matter by counsel was reasonable given the issues in dispute. *Id.* at 2-3.

I have reviewed the billing records submitted with Petitioners' initial request. Based on my discretion and Vaccine Program experience, I will award some fees and costs, but less than what Petitioners request. As my prior order noted, the case possessed sufficient reasonable basis up until the time its deficiencies were recognized on the record. Nevertheless, as the attorney invoices reveal, far more work was devoted to the matter before its filing than was reasonable, given the low likelihood of success. Although this action was filed in February 2016, the billing records show that Petitioners' counsel, Carol Gallagher, had possession of the matter for nearly a year before, as she was first contacted by Ms. LePore in January 2015. Ex. A to Fees App. at 1. In that time period, Ms. Gallagher billed nearly half of all the time requested herein (33.2 hours out of 68.2 requested) – in a matter that all parties would ultimately deem unviable within six months of its filing.

Under such circumstances, it is reasonable to conclude that much of this time was misspent – especially when, as here, a looming limitations period cut-off did not obligate counsel to file the case before it had been reasonably vetted. The MMR vaccine at issue was administered in March 2013, with alleged onset of A.K.'s symptoms occurring days after the vaccination (Pet. at ¶¶ 8-9) – making March 2016 the limitations expiration. Section 16 (a)(2). Thus, counsel had ample time to investigate the claim's merits.

I also take note of the fact that the Statement of Completion was not filed in this case until four months after the matter's initiation. *See* Statement of Completion, dated June 24, 2016 (ECF No. 11). Counsel devoted less than ten hours in the intervening period to the matter, and based on the time entry descriptions, it does not appear that this time involved efforts to obtain missing documents relevant to the claim. Those materials should have been in hand by the time the case was filed, thirteen months after Petitioners first contacted Ms. Gallagher, underscoring the excessive nature of the time devoted to the action.

The case's viability also factors into my determination. Counsel was on reasonable notice before seeking these fees that cases involving injuries of autism or developmental regression have rarely been successful. *Miller,* 2016 WL 3746160, at *11-12. Indeed, counsel herself acknowledged as much in her Reply, which noted that many autism actions she had previously brought had been dismissed. Reply at 1 n.1. I also find Petitioners' efforts to refashion their claim as one not primarily alleging injuries of autism or regression unpersuasive. To the contrary, the Petition itself clearly alleges regression and pervasive developmental delay as injuries, identifying

3

them as the very first temporal evidence that A.K. had experienced a reaction to the MMR vaccine. Pet. at ¶¶ 9-10.[4]

Given the above (and in keeping with the fact that I am not obligated, in ruling on fees requests, to engage in a line-by-line analysis), a reduction of the requested hours is appropriate. *See Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993) (approving the special master's elimination of 50 percent of the hours claimed); *see also Broekleschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Overall, I find that rough justice supports a reduction of 50 percent, to account for the combined excessive work devoted to a claim that was unlikely to be successful from the start, along with some additional time that was devoted to gathering records – a task that should have been completed prior to the case's filing. Accordingly, of the 68.2 hours requested, I will reimburse 34.1 hours of work.

In addition, the rate requested for Ms. Carol Gallagher, the attorney in this matter ($350 per hour), is not justified. In 2015, I had the occasion to rule on Ms. Gallagher's appropriate hourly rate, in light of the forum in which she practices and her experience, and I determined that she should receive $315 an hour for work performed in 2015. *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). I reached this conclusion in part based upon my determination that Ms. Gallagher practices in a non-forum location, and therefore is not entitled to a higher forum rate, in accordance with the Federal Circuit's directive in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). *See Gonzalez*, 2015 WL 10435023, at *8-12. Ms. Gallagher is aware of this decision, but it was not addressed in the present Fees Application.[5]

---

[4] Specific components of Petitioners' theory have also repeatedly been rejected in other published decisions. *See, e.g., Murphy v. Sec'y of Health & Human Servs.*, No. 05-1063V, 2016 WL 3034047 (Fed. Cl. Spec. Mstr. Apr. 25, 2016) (denying entitlement for a claim alleging that the MMR vaccine caused an encephalopathy, or encouraged a "leaky gut," leading to a developmental regression), *mot. for review den'd*, 2016 WL 4926207, (Fed. Cl. Sept. 15, 2016), *appeal docketed*, No. 17-1047 (Fed. Cir. Oct. 14, 2016); *Blake v. Sec'y of Health & Human Servs.*, No. 03-31V, 2014 WL 2769979 (Fed. Cl. Spec. Mstr. May 21, 2014) (denying entitlement in a case alleging that the MMR vaccine caused child's autism spectrum disorder), *mot. for reconsideration den'd*, 2014 WL 7331948 (Fed. Cl. Spec. Mstr. Sept. 11, 2014), *mot. for review den'd*, slip. op., (Fed. Cl. Nov. 13, 2014); *Franklin v. Sec'y of Health & Human Servs.*, No. 99-855V, 2013 WL 3755954 (Fed. Cl. Spec. Mstr. May 16, 2013) (rejecting petitioners' claim that the MMR vaccine led to an encephalopathy resulting in developmental delay, rather than autism).

[5] In another recent case in which fees were requested for Ms. Gallagher's services, a petitioner attempted to obtain $350 per hour for Ms. Gallagher, and then sought reconsideration when I awarded the rates set in *Gonzalez*. *See Hepler v. Sec'y of Health & Human Servs.*, No. 14-55V, 2016 WL 3571537 (Fed. Cl. Spec. Mstr. May 19, 2016), *mot. for reconsideration den'd*, 2016 WL 4483036, (Fed. Cl. Spec. Mstr. June 8, 2016). Ultimately, the petitioner in that matter accepted my determination.

I will therefore apply the $315 per hour rate herein to work performed in 2015, adjusted upward to $318 (as per the CPI Calculator[6]) for work performed in 2016, to account for inflation. In light of the fact that approximately 50 percent of the work performed on the case was incurred prior to its filing in 2015, I will apply the $315 rate to half of the 34.1 hours awarded, and $318 rate to the remainder of the time. Utilizing these rates, attorney's fees are adjusted to $10,792.65 ((17.05 x $315 = $5,370.75) + (17.05 hours x $318 = $5,421.90)).

There is otherwise nothing objectionable about the costs requested in this case, and they are awarded in full. Petitioners are also entitled to a separate award of costs they personally incurred in filing the action.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Based on the reasonableness of Petitioners' request, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs.  I award (a) a total of $10,845.90 as a lump sum in the form of a check jointly payable to Petitioners and Ms. Carol Gallagher, and (b) the sum of $400.00 in the form of a check payable to Petitioners.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] *CPI Inflation Calculator,* U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed Nov. 2, 2016) ("CPI Calculator").

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.