# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-270V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JAMES KERRIGAN, and ROSANNA LEPORE,    *    Special Master Corcoran
Natural Parents of A.K., a minor,      *
                                       *    Filed: November 22, 2016
              Petitioners,             *
    v.                                 *    Attorney's Fees and Costs;
                                       *    Denial of Motion for
SECRETARY OF HEALTH                    *    Reconsideration.
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioners.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION[1]

On February 26, 2016, James Kerrigan and Rosanna LePore filed a petition on behalf of their minor child, A.K., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the measles, mumps, and rubella ("MMR") vaccine that A.K. received on March 18, 2013, caused her to develop gastrointestinal problems, including celiac disease/immune system disorder, as well as a regressive expressive language disorder. *See* Petition ("Pet.") at 1. The Petition also alleged that A.K. possessed some kind of underlying metabolic disorder. *Id.* at 3.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioners' claim was subsequently dismissed, at their request, in September 2016 (ECF No. 17), and then Petitioners filed a motion for an award of attorney's fees and costs. (ECF No. 24) ("Fees App."). Although Petitioners requested a total amount of $23,923.25 (plus $400.00 payable directly to the Petitioners themselves for the filing fee), I awarded only $10,845.90, based upon my determination that (a) Petitioners' counsel, Carol Gallagher, was not entitled to the forum hourly rate, and therefore had requested too much in fees, and (b) much of the time billed to the matter (largely an autism case) was unreasonable. *See* Fees Decision, dated November 7, 2016 (ECF No. 25) ("Fees Decision").

The next day, on November 8, 2016, Petitioners moved for reconsideration of the Fees Decision. Motion, dated November 8, 2016 (ECF No. 26). Petitioners' motion argues primarily that Ms. Gallagher is appropriately paid in accordance with the forum rates set forth in the case *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), rather than as I have paid her in prior cases I have decided, such as *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015), and in which I determined that she is not entitled to a forum rate. Motion at 3-5. She offers statements from two attorneys in support of the requested higher rate.[3]

## ANALYSIS

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision. As it provides, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," beyond the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims,[4] which has been

---

[3] Petitioners also take umbrage at what they consider unfair characterizations in the Fees Decision about the extent to which counsel attempted to "refashion" an autism claim as something else when requesting fees. Motion at 2-3. It was not my intent to disparage counsel individually in my Fees Decision, but I wanted to convey the fact that counsel appeared to be arguing in the original fees request briefing that the claim was not one alleging autism as the primary injury – when in fact that was evident from the petition itself – and therefore counsel was reasonably on notice of the overall lack of success of such claims (and should have taken care in litigating the matter).

[4] The Court of Federal Claims has interpreted Rules of the United States Court of Federal Claims ("RCFC") 59(a) as setting forth three possible bases for obtaining reconsideration of an order: (a) a change in controlling law; (b) the presence of previously unavailable evidence; or (c) manifest injustice. *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007).

defined to be unfairness that is "clearly apparent or obvious." *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3-5 (citations omitted). At bottom, the *R.K.* order suggests that the "interest of justice" standard is more lenient, emphasizing whether reconsideration would provide a Vaccine Act petitioner a full opportunity to prove her case. *Id.* at *5.

I do not find that the interest of justice warrants reconsideration of the Fees Decision. Although other special masters may have awarded Ms. Gallagher higher hourly rates (whether or not she is considered entitled to forum rates), it is well-understood as a matter of Vaccine Program law that I am not bound by such decisions. *See, e.g., Hanlon v. Sec'y of Health & Human Servs.*, 40 Fed. Cl. 625, 630 (1998). My Fees Decision adhered to my prior decision in *Gonzalez*, which applied directly to Ms. Gallagher. *Gonzalez* set forth my reasoning for concluding that Ms. Gallagher should not receive the forum rate, and I see no reason to vary from it here. In addition, Petitioners' underlying fees request made no attempt to re-litigate the issue of the proper hourly rate for counsel – and a motion for reconsideration is not the best method for so doing. To the extent counsel wishes to re-litigate this issue in the future, it may be raised at the appropriate time.

Accordingly, for the reasons stated above, I hereby DENY the motion for reconsideration of my Fees Decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master