# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-270V**
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JAMES KERRIGAN, *and* ROSANNA LEPORE, *Natural Parents of* A.K., *a minor*,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: September 27, 2016

Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act; Denial Without Hearing.

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioners.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

**DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On February 26, 2016, James Kerrigan and Rosanna LePore filed a petition on behalf of their minor child, A.K., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the measles, mumps, and rubella ("MMR") vaccine that A.K. received on March 18, 2013, caused her to develop gastrointestinal problems, including celiac disease/immune system disorder, as well as some type of regressive expressive language disorder. *See* Petition ("Pet.") at 1. The Petition also alleged that A.K. possessed some kind of underlying metabolic disorder. *Id.* at 3.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioners filed numerous medical records in March, the parties filed a joint status report stating that Respondent requested clarification as to whether any records or laboratory reports from a mitochondrial/metabolic specialist existed, and requested an extension for their Joint Statement of Completion. *See* Report, dated May 26, 2016 (ECF No. 9). After filing this clarification, the parties filed a Statement of Completion on June 24, 2016. ECF No. 11.

Respondent's Rule 4(c) Report, filed on August 23, 2016, contested the appropriateness of an entitlement award, noting specifically that Petitioners had failed to identify a defined and recognized injury from which A.K. suffered. *See* Report, dated August 23, 2016, at 13 (ECF No. 12). In response, a telephonic status conference was conducted on September 15, 2016. During the conference, I communicated my views on the difficulties of this case to Petitioners. ECF. No. 16. I informed Petitioners that their claim was very similar to other autism/ developmental regression claims that had been found to be without merit in past cases, and that the lack of contemporaneous medical evidence supporting the claim significantly diminished Petitioners' likelihood of success.

Petitioners subsequently filed an unopposed motion on September 27, 2016, requesting a decision dismissing their claim (ECF No. 16). In it, Petitioners stated that further investigation of the facts and science supporting their case has demonstrated to Petitioners that they will be unable to prove entitlement to compensation. *Id*. Petitioners also stated their understanding that the requested decision will end all of their rights in the Vaccine Program. *Id*. Mr. Kerrigan and Ms. LePore, on behalf of A.K., further noted their intent to protect their rights to file a civil action in the future, and pursuant to 42 U.S.C. § 300aa-21(a)(2), will elect to reject the Vaccine Program judgment and file a civil action. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that A.K. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that A.K. experienced could have been caused or significantly aggravated by the vaccine that she received on March 18, 2013.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master